UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JESUS VILLEGAS, individually
and on behalf of others similarly situated,

                                          Plaintiff,                **COMPLAINT**

              - against -                          **FLSA COLLECTIVE**

FULL KEE SEAFOOD RESTAURANT, INC.
d/b/a DONG YUE SEAFOOD RESTAURANT,
FULL HOUSE SEAFOOD RESTAURANT, INC.
d/b/a DONG YUE SEAFOOD RESTAURANT,
FOO KEE SEAFOOD RESTAURANT, INC. d/b/a
DONG YUE SEAFOOD RESTAURANT, and
NGOC A TUYEN, and KUEN SAU WONG,
individually,

                                          Defendants.
-------------------------------------------------------------------X

Jesus Villegas ("Villegas" or "Plaintiff"), individually and on behalf of others similarly situated by and through his attorneys, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Defendants Full Kee Seafood Restaurant, Inc. d/b/a Dong Yue Seafood Restaurant, Full House Seafood Restaurant, Inc. d/b/a Dong Yue Seafood Restaurant, Foo Kee Seafood Restaurant, Inc. d/b/a Dong Yue Seafood Restaurant, (collectively, "Dong Yue" or "Corporate Defendant"), and Ngoc A Tuyen ("Tuyen") and Kuen Sau Wong ("Wong") (collectively, "Individual Defendants") (collectively with Corporate Defendant, "Defendants"), alleges the following:

## NATURE OF THE ACTION

1.     This is a civil action brought by Plaintiff and all other similarly situated kitchen staff to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and his similarly situated coworkers work or

have worked at Dong Yue owned and operated by Defendants Tuyen and Wong, located in Queens, NY.

2. Plaintiff brings this action on behalf of himself, and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of overtime provisions of the FLSA by Defendants.

3. Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide wage notices and wage statements in violation of NYLL §§ 195 (1) and (3).

4. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

**Plaintiff Jesus Villegas**

8. Plaintiff is an adult individual residing in Queens County, New York.

9. From on or about September 16, 2022 until on or about July 3, 2023, Plaintiff worked for Defendants at Dong Yue.

10. Plaintiff was employed as a dishwasher, busboy, and kitchen helper.

11. Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Corporate Defendants**

12. Full Kee Seafood Restaurant, Inc. d/b/a Dong Yue Seafood Restaurant, Full House Seafood Restaurant, Inc. d/b/a Dong Yue Seafood Restaurant, Foo Kee Seafood Restaurant, Inc. d/b/a Dong Yue Seafood Restaurant are New York Corporations operating in the restaurant industry with their principal place of business at 136-14 38th Avenue, Queens NY, 11354.

13. At all times relevant to this action, Dong Yue was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

14. At all relevant times, Dong Yue had (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Individual Defendants**

15. Defendant Tuyen is a person engaged in business in Queens County, New York, who is sued individually in her capacity as owner, officer, and/or agent of Dong Yue.

16. Upon information and belief, Tuyen is an owner and operator of the Corporate Defendant who sets the Corporate Defendant's payroll policies, including the unlawful practices complained of herein.

17. On information and belief, Tuyen maintains control, oversight and direction over Dong Yue.

18. On information and belief, Tuyen exercises sufficient control over Dong Yue and Plaintiff's working conditions to be considered Plaintiff's employer under the FLSA and NYLL.

19. At all times material hereto, Tuyen had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Dong Yue.

20. Defendant Wong is a person engaged in business in Queens County, New York, who is sued individually in his capacity as owner, officer, and/or agent of Dong Yue.

21. Upon information and belief, Wong is an owner and operator of the Corporate Defendant who sets the Corporate Defendant's payroll policies, including the unlawful practices complained of herein.

22. On information and belief, Wong maintains control, oversight and direction over Dong Yue.

23. On information and belief, Wong exercises sufficient control over Dong Yue and Plaintiff's working conditions to be considered Plaintiff's employer under the FLSA and NYLL.

24. At all times material hereto, Wong had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Dong Yue.

## COLLECTIVE ACTION ALLEGATIONS

25. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated persons who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

26. The FLSA Collective consists of approximately 25 similarly situated current and former employees who were employed in the kitchen who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

27. As part of their regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy includes, *inter alia*, the following:

    i. failing to pay employees the applicable overtime rate for all time worked in excess of forty hours per week; and

    ii. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

28. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing costs and denying employees legally required compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

29. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their

records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

30. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any work week, unless they are exempt from coverage.

31. Defendants failed to compensate Plaintiff and the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any work week. The exact accounting of such discrepancy can only be determined upon completion of discovery.

32. Plaintiff and the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

## STATEMENT OF FACTS

**Dong Yue Seafood Restaurant**

33. Dong Ye is an authentic Chinese restaurant.

34. Throughout the relevant time period, Defendants Tuyen and Wong owned, operated, and controlled Dong Yue.

**Plaintiff's Employment with Defendants**

35. From on or about September 16, 2022, until on or about July 3, 2023, Plaintiff worked for Defendants.

36. Plaintiff worked in the kitchen primarily as a dishwasher but also assisted with cleaning.

37. From on or about September 16, 2022 until on or about December 24, 2022 ("Time Period #1"), Plaintiff worked six days a week at Dong Yue.

38. During Time Period #1, Plaintiff worked from 11:00 a.m. until 11:00 p.m.

39. From on or about December 25, 2022 until January 21, 2023 ("Time Period #2"), Plaintiff worked six days a week at Dong Yue.

40. During Time Period #2, Plaintiff worked from 3:00 p.m. to 2:00 a.m.

41. From on or about January 22, 2023 until July 3, 2023 ("Time Period #3"), Plaintiff worked six days a week at Dong Yue.

42. During Time Period #3, Plaintiff worked from 5:00 p.m. to 2:00 a.m.

43. From September 2022 to January 2023, Plaintiff was paid $780 per week in cash.

44. This salary was not inclusive of overtime hours worked. Rather, Plaintiff was only paid for the first 40 hours that he worked.

45. From January 2023 to July 2023, Plaintiff was paid $800 per week in cash.

46. This salary was not inclusive of overtime hours worked. Rather, Plaintiff was only paid for the first 40 hours that he worked.

47. Throughout Plaintiff's employment, Defendants did not have a time clock machine for employees to clock in and clock out.

48. Defendants never provided Plaintiff with a written wage notice in English and his native language setting forth his regular hourly rate of pay and corresponding overtime rate of pay.

49. When Plaintiff was paid by Defendants, Defendants did not provide Plaintiff with a notation or any other documentation of all his hours worked during that pay period or his rate of pay.

50. Plaintiff was a victim of Defendants' common policy and practices, which violated his rights under the FLSA and New York Labor Law by, inter alia, not paying his wages that he was owed for the hours he worked.

**FIRST CAUSE OF ACTION**
**Unpaid Overtime Wages in Violation of the Fair Labor Standards Act**
**(On Behalf of Plaintiff and the FLSA Collective)**

51. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

52. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective.

53. Defendants willfully failed to pay Plaintiff and the FLSA Collective the appropriate overtime premiums for all hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

54. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

55. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

56. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## SECOND CAUSE OF ACTION
### Unpaid Overtime Wages in Violation of New York Labor Law
### (On Behalf of Plaintiff)

57. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §652 and 12 NYCRR §142-2.2.

59. Defendants failed to pay Plaintiff the overtime premium of one and one-half times the regular hourly rate of pay for all hours worked in excess of 40 hours per week, in violation of the NYLL.

60. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per work week, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

61. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### Failure to Provide Wage Notices in Violation of New York Labor Law
### (On Behalf of Plaintiff)

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid

by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

64. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations.

65. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**FOURTH CAUSE OF ACTION**
**Failure to Provide Wage Statements in Violation of New York Labor Law**
**(On Behalf of Plaintiff)**

66. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

67. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,

salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

68. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

69. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b)

(b) Damages for the unpaid overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(c) Damages for the unpaid overtime wages due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the NYLL;

(d) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, § 198;

(e) Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(f) Statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(g) For pre-judgment and post-judgment interest on the foregoing amounts;

(h) For the costs and disbursements of the action, including attorney's fees; and,

(i) For such other further and different relief as the Court deems just and proper.

Dated: August 17, 2023
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By: */s/ Jacob Aronauer*
Jacob Aronauer, Esq.
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

*Attorneys for Plaintiff*