

The Law Offices of Jacob Aronauer
250 Broadway, Suite 600
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

March 20, 2024

**Via ECF**
Hon. Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> ***Re:***   ***Villegas v. Full Kee Seafood Restaurant, Inc.***
> ***23-cv-06199 (OEM) (SJB)***

Dear Judge Bulsara:

This letter is respectfully submitted on behalf of all parties in the above-captioned matter, seeking the Court's approval of the settlement reached between the parties, per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), as Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

The parties have memorialized and executed a settlement agreement, as well as a Stipulation of Dismissal, which will discontinue the above-captioned case, with prejudice. Defendants GZ FYF, Inc. and Zhi Tao Zeng have agreed to pay Plaintiff Jesus Villegas ("Plaintiff") $38,750 in satisfaction for all claims raised in this action. Pursuant to the terms of the settlement agreement, Plaintiff will receive $25,216.63 and Plaintiff's counsel will retain $13,533.32.

The parties settled at a mediation with Joe DiBenedetto.

A copy of the executed settlement agreement is annexed as Exhibit A.

### *Claims and Defenses*

It is submitted that there are factual and legal disputes between the parties which could ultimately impact each party's ability to prevail if this case proceeded to dispositive motion practice or to trial.

### Plaintiff's Position

On August 17, 2023, Plaintiff commenced this action seeking unpaid overtime pursuant to the FLSA and NYLL as well as damages for alleged wage notice and wage

statement violations. *ECF No. 3*. Plaintiff was employed as a dishwasher, busboy and kitchen helper by Defendants.

From on or about September 16, 2022 until on or about July 3, 2023, Plaintiff worked for Defendants. During his employment, Plaintiff alleges that he worked anywhere from fifty-one to sixty-nine hours per workweek, for which he was paid a weekly salary, which salary was intended to only cover the first forty hours of work. Plaintiff also alleges that he was not provided with a wage hire notice and correct wage statements as required under The Wage Theft Prevention Act ("WTPA").

A spreadsheet setting forth Plaintiff's damages is annexed as Exhibit B. As reflected in the damage calculations, Plaintiff believes he is owed approximately $21,000 in unpaid overtime. Thus, even after attorneys' fees, with respect solely to unpaid wages, Plaintiff is being made more than whole.

### Defendants' Position

Defendants deny the allegations in Plaintiff's Complaint. Defendants specifically deny any potential liability and disputes Plaintiff's claimed days and hours worked and the amount of purported damages listed in Plaintiff's calculation.

During the course of this action, Defendants produced records including the amount of compensation he received. Assuming that Defendants' documents are accurate, Plaintiff was sufficiently paid.

Although there is a bona fide dispute between the parties as to the merits of Plaintiff's wage and hour claims, Defendants agreed to pay Plaintiff more than they believe is due under the law. Both parties have agreed to settle as a result of reasonable strategic and financial considerations.

### *The Settlement Terms*

Pursuant to the Settlement Agreement, the parties have agreed to the following break-down as to payment of the total $38,750 settlement amount:

- Plaintiff:                                          $25,216.66
- Attorneys' fees and expenses:          $13,533.20

Defendants will issue payment in one lump sum payment, which payment is due within thirty days of Court approval.

The parties believe this settlement to be a fair resolution to this litigation, due to the disputes about the value of Plaintiff's claims, which were explored at the mediation conducted with Mr. DiBenedetto.

### *The Settlement Should be Approved*

The standard for approval of FLSA settlement is well-established in the Second Circuit. As stated by the court in *Serebryakov v. Golden Touch Transp. of NY. Inc.*, No. 12-3990 (NGG)(RER), 2013 WL 3364393, at *2 (E.D.N.Y. 2013), "[i]n the absence of a certified class, a district court typically considers the following factors to determine whether a settlement of individual FLSA claims is reasonable: (1) the complexity, expense, and likely duration of litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment; and (6) the range of reasonableness in light of the best possible recovery and all the risks of litigation." *Id.* at *2 (citations omitted); *see also Diaz v. Scores Holding Co.,* No. 07-8718 (THK), 2011 WL 6399468, at *2 (S.D.N.Y. 2011) ("Courts approve FLSA settlements when they are reached because of contested litigation to resolve *bonafide* disputes...Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, courts will approve the settlement") (citations omitted).

Based on the *bona fide* disputes as to the value and viability of Plaintiff's claims, as well as the inherent risks of trial, the parties respectfully submit that the Settlement Agreement represents a fair and reasonable settlement of Plaintiff's claims in this action.

As set forth above, while Plaintiff believes he would prevail on his claims, he acknowledges that he faces significant risk in establishing liability and damages should this case proceed. Plaintiff is cognizant of the risks and uncertainty of protracted litigation, motion practice, potential appeals, and other factors that might affect his ability to recover on any of the claims asserted in this action.

It is respectfully submitted that approval of this settlement is warranted because it is the product of a mediation with an experienced mediator, as well as arms-length negotiations between parties represented by knowledgeable and experienced counsel who focus their respective practices on wage and hour litigation. *Wolinsky v. Scholastic, Inc.,* 900 F.Supp.2d 322 (S.D.N.Y. 2012).

In negotiations, the parties shared their respective views on the validity and potential value of the claims, and ultimately reached a deal that both sides felt, given the risks associated with protracted litigation, was a fair compromise. Settlement at this stage of the case for this amount unquestionably constitutes the most efficient and effective conclusion to this litigation for all parties.

Further indicative of the fact that this is a fair resolution is that this settlement was reached through a mediation with Joe DiBenedetto.

Plaintiff's counsel represents clients (the present plaintiff included) on a contingency-fee basis, calculated during this case at 33.33% percent after reimbursement of expenses. This was the rate agreed upon by Plaintiff and counsel at the outset via a

# ABC PROCESS SERVING BUREAU INC.

225 Broadway, Suite 31 0, New York, NY 10007                    Phone 212-732-6490 -- FAX 212-267-2843

Invoice Date: 9/12/2023

Invoice #: 4554

Attn:

JACOB ARONAUER, ESQ
225 BROADWAY, SU TE 307
NEW YORK, NY 100 7

**TOTAL INVOICE AMOUNT DUE**

**$100.00**

---

**Job #:** 197020     **Your #:**
**Plaintiff:** JESUS VILLEGAS, NDIVIDUALLY AND ON BEHALF OF
**Defendant:** FULL KEE SEAFCOD RESTAURANT, INC. D/B/A DONG
**Index Number** 23-CV-6199-OEM-SJB
**Documents:** Summons in A Ci il Action and Complaint FLSA Collective

**Recipient:**
NGOC A TUYEN
**Person Served:**
Darren
136-14 38TH AVENUE, QUEENS, NY 11354

**Date Received:**
8/31/2023
**Completed:**
9/7/2023

| Description | Qty | Fee | Total Fee |
|---|---|---|---|
| Service Fee | 1 | $50.00 | $50.00 |
| | | Job Total Due = | $50.00 |

---

**Job #:** 197023     **Your #:**
**Plaintiff:** JESUS VILLEGAS, NDIVIDUALLY AND ON BEHALF OF
**Defendant:** FULL KEE SEAFCOD RESTAURANT, INC. D/B/A DONG
**Index Number** 23-CV-6199-OEM-SJB
**Documents:** Summons in A Ci il Action and Complaint FLSA Collective

**Recipient:**
KUEN SAU WONG
**Person Served:**
Darren
136-14 38TH AVENUE, QUEENS, NY 11354

**Date Received:**
8/31/2023
**Completed:**
9/7/2023

| Description | Qty | Fee | Total Fee |
|---|---|---|---|
| Service Fee | 1 | $50.00 | $50.00 |
| | | Job Total Due = | $50.00 |

---

**TOTAL INVOICE CHARGES:**                    $100.00
**TOTAL INVOICE PAYMENTS:**
**TOTAL INVOICE AMOUNT DUE:**                    $100.00

Page 1

retainer agreement. To date, Plaintiff's counsel bore all costs of litigation without compensation of any kind as his fee has been wholly contingent upon the result achieved.

Expenses in this matter were as follows: (1) $402 filing fee; $100 for service on Defendants; and (3) $425 mediation fee. Proof of the cost of service and the mediation fee are annexed as Exhibit C. To ascertain the correct amount in attorney fees, we subtracted the expenses from the total amount and gave Plaintiff the remaining 2/3. Plaintiff's counsel received 1/3 of the remaining amount plus reimbursement of expenses.

Thus, the amount Plaintiff's counsel is seeking is in line with other FLSA settlements. *See Santos v EL Tepeyac Butcher Shop, Inc.*, 2015 WL 90712, at * 4 (S.D.N.Y. Dec. 15, 2015). Courts in this circuit have also held that one-third contingency fee satisfies the broad remedial purposes of the FLSA and the NYLL. *See Khait v. Whirpool Corp.*, No. 06-6381 (ALC), 2010 WL 2025106 (E.D.N.Y. 2010). Accordingly, it is submitted that the attorneys' fees are fair and reasonable.

Plaintiff's attorneys' time and labor warrants the requested fee. Plaintiff's counsel (1) met with Plaintiff to learn relevant facts; (2) drafted and filed the Complaint; (3) regularly communicated with Plaintiff to keep him updated regarding the progress of the case; (4) prepared damages' calculations; (5) prepared for mediation; (6) represented Plaintiff in mediation; (7) edited the settlement agreement; (8) went over the agreement with Plaintiff; and (9) drafted the *Cheeks* approval letter. Admittedly, the work discussed above is not unique or complex, but our office still spent the time necessary to obtain what we believe to be a strong result.

As set forth, *supra*, Plaintiff faced a risk of loss based on disputed legal and factual issues. Moreover, Plaintiff's attorneys took this case pursuant to a retainer agreement with Plaintiff that stated that counsel would receive a percentage of the recovery only if Plaintiff obtained a recovery. Accordingly, Plaintiff's counsel faced a risk of receiving little or no payment for this work depending on the outcome of the underlying claims. Thus, the magnitude, complexities, and risks of the litigation weigh in favor of approving the requested fee.

## Plaintiff's Counsel

Plaintiff was represented by The Law Offices of Jacob Aronauer and Law Offices of Yale Pollack, P.C.

### Mr. Aronauer's Background

Mr. Aronauer has extensive experience representing employees in wage and hour actions. Mr. Aronauer deals almost exclusively in employment law. Aronauer received his J.D. from Suffolk University Law School in 2005. After graduating law school, Aronauer worked for The New York City Office of Labor Relations. Aronauer then worked for law firms in the New York City area. Since 2013, Mr. Aronauer has ran his own firm.

Mr. Aronauer was a Super Lawyer rising star from 2018 through 2020. In 2022 and 2023, Mr. Aronauer was selected a Super Lawyer.

It is respectfully requested that the Court approval Mr. Aronauer firm's hourly rates of $450 for Mr. Aronauer and between $175 to $200 for his paralegals. While I recognize that this rate is on the high end for paralegals, as my time records reflect, I try to have my paralegals do the first draft of documents to keep costs to a minimum.

### Mr. Pollack's Background

Mr. Pollack graduated from Colgate University in 2001 with a B.A. in History, before attending Touro Law Center. While at Touro Law Center, Mr. Pollack served on Law Review and graduated *manga cum laude* in 2006.

Mr. Pollack has experience representing employees in wage and hour actions and has been focusing almost exclusively on prosecuting claims on behalf of employees since he formed his practice in 2015. Prior to forming his own firm in 2015, Mr. Pollack worked at two firms on Long Island, where his focus was on employment law.

From 2012 to the 2023, Mr. Pollack was a Super Lawyer.

It is respectfully requested that the Court approval Mr. Pollack firm's hourly rate of $425 an hour.

The time spent by Plaintiff's counsel is annexed as Exhibit D.

**Lodestar**

As a result of the labor required in this matter, the total legal fees are $7,680.20. This equates to a lodestar of 1.641. As the lodestar is less than two it is respectfully submitted that the Court approve the proposed attorney fees. *See Pinzon v. Jony Food Corp.*, 18-cv-105 (RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding a third, or 5.23 times the lodestar, in any early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement' particularly where such settlement has provided [p]laintiff with a substantial and speedy result." (*quoting Hyun v. Ippudo USA Holdings et al.,* No. 14-cv-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at * 3 (S.D.N.Y. Mar. 24, 2016);*see Vidal v. Draft House*, 2020 U.S. Dist. LEXIS 166533, at * 4-5 (S.D.N.Y. Sept. 11, 2020) *citing Sakikio Fujwara v. Sushi Yasuda, Ltd.*, 58 Supp.3d 424, 439 (S.D.N.Y. 2014) (noting that a "lodestar multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases."). I also request that the Court take into consideration that this office recognized a solid settlement offer and did not needlessly run up legal fees to increase the lodestar.

Finally, the FLSA is a remedial statute designed to protect employees from unfair labor practices. 29 U.S.C. 202(a). A fair attorneys' fee award that considers the services

provided and the risks undertaken furthers these remedial purposes. For the reasons set forth about, we respectfully request that the Court approve the attorneys' fees and costs set forth in the settlement agreement.

### *Conclusion*

Considering the foregoing, the parties respectfully submit that the proposed settlement amount is fair and reasonable, and further, that the terms of the settlement agreement comport with the requirements under the FLSA and NYLL. The parties respectfully request that the Court approve the settlement, and so-order the Stipulation and Order of Dismissal with Prejudice.

We thank the Court for its time and consideration.

Respectfully submitted,

By:    */s Jacob Aronauer*
       Jacob Aronauer

By:    */s Yale Pollack*
       Yale Pollack

**Via ECF**
*All attorneys on record*

6

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JESUS VILLEGAS, individually
and on behalf of others similarly situated,

                         Plaintiff,

       - against -

GZ DYF, INC. and ZHI TAO ZENG, individually,

                      Defendants.

Case No.: 1:23-cv-06199-OEM-SJB

SETTLEMENT AGREEMENT
AND RELEASE OF WAGE AND
HOUR CLAIMS BETWEEN
PLAINTIFF AND
DEFENDANTS

      This Settlement Agreement is entered into by and among, Jesus Villegas (hereinafter "Plaintiff") on the one hand, GZ DYF, INC. and Zhi Tao Zeng. (hereinafter, "Defendants"), (Plaintiff and Defendants, collectively, "the Parties) on the other hand.

      **WHEREAS**, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in in the United States District Court for the Eastern District of New York (the "Court"), Civil Action No: 1:23-cv-06199-OEM-SJB (the "Action" or "Complaint"), alleging, among other claims, violations of federal and state wage and hour and overtime laws under the Fair Labor Standards Act ("FLSA") and the New York Labor Law (the "NYLL");

      **WHEREAS**, Plaintiff alleges that he worked for Defendant as an employee;

      **WHEREAS**, Defendants deny all claims in Plaintiff's Complaint;

      **WHEREAS**, since or about December 18, 2023 after the Court issued the mediation instruction, the parties participated the Parties participated in a mediation conference. On February 15, 2024, the mediation conference as held via video conference at 10:00 am;

      **WHEREAS**, at the mediation, the Parties have determined it to be in their mutual interest to settle the Action and all matters between them;

      **WHEREAS**, the Parties desire to have no further obligation to each other, except as specifically provided herein;

      **WHEREAS**, Plaintiff has, throughout the negotiation and execution of this Agreement, been represented by his Counsel, The Law Offices of Jacob Aronauer, 250 Broadway Suite 600, New York, NY 10007, Tel: (212) 323-6980; and Law Offices of Yale Pollack, P.C., 66 Split Rock Road, Syosset, NY 11779, Tel: (516) 634-6340;

**WHEREAS**, Defendant has, throughout the negotiation and execution of this Agreement been represented by his Counsel, Seo Law Group, PLLC, 136-68 Roosevelt Ave., Suite 726, Flushing, NY 11354, Tel: (718) 500-3340;

**WHEREAS**, Plaintiff and Defendants, through their Counsel, have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses (the "Agreement");

**WHEREAS**, Plaintiff acknowledges that he has entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone; and

**WHEREAS**, Plaintiff acknowledges that he understands the meaning and effect of the execution of this Agreement.

**THEREFORE**, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

1. **Settlement Amount**

In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's specific release of all wage-and-hour claims against Defendants and the Releasees (as defined herein) as set forth in Paragraph 5 below, Defendants will provide Plaintiff with a settlement payment in the total amount of Thirty-Eight Thousand Seven Hundred Fifty Dollars and No Cents ($38,750.00) ("Settlement Amount"). The Settlement Amount shall be paid according to the following schedule as set forth in Paragraph 2, provided that (i) Plaintiff has executed this Agreement and delivered the same to Defendants' counsel at Seo Law Group, PLLC (Attn: Diana Y. Seo, Esq.), 136-68  Roosevelt Ave., Suite 726, Flushing, NY 11354 by email at diana@seolawgroup.com, and (ii) Plaintiff's counsel have delivered to Defendants' counsel all necessary tax forms, including, but not limited to an IRS Form W-9 for Plaintiff's Counsel.

2. **Settlement Payment Schedule**

The Settlement shall be payable on a schedule as set forth as follows:

Thirty-Eight Thousand Seven Hundred Fifty Dollars and No Cents ($38,750.00) shall be mailed or hand delivered to The Law Offices of Jacob Aronauer, 250 Broadway Suite 600, New York, NY 10007 within thirty (30) days of judicial approval of this settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and consist of two checks as follows:

    1) One check made payable to The Law Offices of Jacob Aronauer as Counsel in the amount of $30,344.42 to be reported on an IRS Form 1099-MISC as other income. With respect to this payment, Plaintiff shall receive $25,216.68 and The Law Offices of Jacob Aronauer shall receive $5,127.77.

    2) One check made payable to Law Offices of Yale Pollack, P.C. in the amount of $8,405.55.

3. <u>Default, Notice and Opportunity to Cure</u>

If Defendants fail to timely pay the Settlement Payment described above, or if any payment check fails to clear (i.e. bounces), Plaintiff's Counsel shall provide a notice to cure to Defendants by email to his Counsel: Diana Y. Seo, Esq., at diana@seolawgroup.com. Defendants shall cure the default within fourteen (14) days from and including the date on which the notice was received. In the event that Defendants do not pay within fourteen (14) days, Plaintiff will be entitled to reasonable attorney fees in the enforcement of the settlement agreement.

4. <u>Taxes</u>

Each payer of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

5. <u>Wage and Hour Release by Plaintiff</u>

a) In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually and on behalf of his assigns, spouse, agents, heirs, executors, administrators, beneficiaries, trustees and legal representatives, with respect solely and only to conducts that have arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge (i) GZ DYF, Inc. and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; and (ii) Zhi Tao Zeng in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns (collectively referred to as "Releasees") from any claims alleged in the Complaint ONLY, including, but not limited to, any and all wage and hour claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with Defendants and any other compensation or wages. This release does not include a release of any rights that Plaintiff may have under this Agreement.

b) The Parties recognize that this settlement Agreement is not confidential pursuant to *Cheeks v. Freeport Pancake House, Inc.*,796 F.3d 199 (2d Cir. 2015) and the Parties agree not to knowingly disparage or defame any of the other Parties, except that any Party may make truthful statements about the terms of the settlement agreement or their experience in this litigation.

c) Nothing herein shall prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Securities and Exchange Commission, the Equal Employment Opportunity Commission or a federal, state, or local fair employment practices agency.

6. **Judicial Review/ Discontinuance of Claims**

a) Plaintiff acknowledges that he is not presently aware of any legal proceeding other than the above-caption action pending between Plaintiff and/or his representatives and Defendants.

b) Contemporaneously with the execution of this Agreement, Plaintiff and Defendants, by their respective Counsel, shall execute a Stipulation and Order of Dismissal with prejudice (annexed hereto as **Exhibit A**) ("Stipulation"). dismissing the Complaint with prejudice. Upon judicial approval of this Settlement Agreement, Defendants shall file the Stipulation. Defendants will hold the Stipulation in escrow until the settlement is paid in full. Upon full payment, Defendants will file the stipulation of dismissal.

c) Plaintiff shall refrain from bringing any lawsuit or initiating any proceeding for any claim waived in any paragraphs of this Agreement, and agrees, further, not to permit anyone else to do so on his behalf, to the maximum extent possible under applicable law.

7. **Denial of Wrongdoing**

Nothing contained in this Agreement, nor the fact that Plaintiff has been paid any remunerations under it, shall be construed, considered, or deemed to be an admission of liability or wrongdoing by Defendants. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements, and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

8. **Choice of Law and Forum**

This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles. Any dispute, claim or cause of action arising out of, or relating to, this Agreement shall be resolved in the United States District Court for the Eastern District of New York or New York Supreme Court for Queens County, with the prevailing party being awarded reasonable attorneys' fees as well as reimbursement of the filing fees.

9. **Entire Agreement**

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understanding between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to him other than those contained in this Agreement.

**10. <u>Modification</u>**

This Agreement may not be changed unless the change is in writing and signed by the Parties.

**11. <u>General Provisions</u>**

The failure of any party to this Agreement to insist on strict adherence of any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by Counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

**12. <u>Acknowledgement</u>**

Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement. Plaintiff and Defendants acknowledge that it is not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

**13. <u>Release Notification</u>**

Plaintiff discussed the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledges that he has consulted with Jacob Aronauer, Esq. at The Law Offices of Jacob Aronauer and/or Yale Pollack, Esq., at Law Offices of Yale Pollack, P.C. Plaintiff acknowledges that it is his choice to waive any claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

**14. <u>Counterparts</u>**

To signify their Agreement to the terms of this Agreement and Release, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile or electronic transmission.

**PLAINTIFF**

Jesus Villegas

DATE:    03/13/24

**DEFENDANT**

GZ DYF, INC.

NAME:

TITLE:

DATE:

**DEFENDANT**

Zhi Tao Zeng

NAME:

TITLE:

DATE:

**PLAINTIFF**

Jesus Villegas

_____

DATE:


**DEFENDANT**

GZ DYF, INC.

_____

NAME:  Zhi Tao Zeng

TITLE: Operator

DATE: 3/15/2024


**DEFENDANT**

Zhi Tao Zeng

_____

NAME: Zhi Tao Zeng

TITLE: Operator

DATE: 03/15/2024

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JESUS VILLEGAS, individually
and on behalf of others similarly situated,

                        Plaintiff,

          - against -

GZ DYF, INC. and ZHI TAO ZENG, individually,

                        Defendants.

Case No. 11:23-cv-06199-OEM-
SJB

**STIPULATION AND ORDER**
**OF DISMISSAL WITH**
**PREJUDICE**

       IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel

for Plaintiff and Defendants in the above captioned action, that, in accordance with Rule 41 of the

Federal Rules of Civil Procedure, the action be dismissed, with prejudice and without costs or

attorneys' fees to any party, as to Plaintiff or Defendants. This Court retains jurisdiction to enforce

the Settlement Agreement and the Release of this action.


Dated:   March ___, 2024
          Flushing, New York

THE LAW OFFICES OF JACOB ARONAUER    SEO LAW GROUP, PLLC


By:_____       By:_____
  Jacob Aronauer, Esq.               Diana Y. Seo, Esq.
  250 Broadway Suite 600           36-68 Roosevelt Ave., Suite 726
  New York, NY 10007              Flushing, New York 11354
  Tel: (212) 323-6980               Tel: (718) 500-3340
  Email: jaronauer@aronauerlaw.com     Email: diana@seolawgroup.com
  *Attorneys for Plaintiff*              *Attorneys for Defendants*


_____

SO ORDERED.

# EXHIBIT B

**Jesus Villegas - Damages Calculation**

| WEEK ENDING | HOURS WORKED /WEEK | OVERTIME HOURS WORKED/ WEEK | WEEKLY WAGE | HOURLY RATE | APPROPRIATE OVERTIME RATE | UNPAID OVERTIME WAGES | LIQUIDATED DAMAGES |
|---|---|---|---|---|---|---|---|
| 9/25/22 | 69 | 29 | $780.00 | $ 19.50 | $ 29.25 | $ 848.25 | $ 848.25 |
| 10/2/22 | 69 | 29 | $780.00 | $ 19.50 | $ 29.25 | $ 848.25 | $ 848.25 |
| 10/9/22 | 69 | 29 | $780.00 | $ 19.50 | $ 29.25 | $ 848.25 | $ 848.25 |
| 10/16/22 | 69 | 29 | $780.00 | $ 19.50 | $ 29.25 | $ 848.25 | $ 848.25 |
| 10/23/22 | 69 | 29 | $780.00 | $ 19.50 | $ 29.25 | $ 848.25 | $ 848.25 |
| 10/30/22 | 69 | 29 | $780.00 | $ 19.50 | $ 29.25 | $ 848.25 | $ 848.25 |
| 11/6/22 | 69 | 29 | $780.00 | $ 19.50 | $ 29.25 | $ 848.25 | $ 848.25 |
| 11/13/22 | 69 | 29 | $780.00 | $ 19.50 | $ 29.25 | $ 848.25 | $ 848.25 |
| 11/20/22 | 69 | 29 | $780.00 | $ 19.50 | $ 29.25 | $ 848.25 | $ 848.25 |
| 11/27/22 | 69 | 29 | $780.00 | $ 19.50 | $ 29.25 | $ 848.25 | $ 848.25 |
| 12/4/22 | 69 | 29 | $780.00 | $ 19.50 | $ 29.25 | $ 848.25 | $ 848.25 |
| 12/11/22 | 69 | 29 | $780.00 | $ 19.50 | $ 29.25 | $ 848.25 | $ 848.25 |
| 12/18/22 | 69 | 29 | $780.00 | $ 19.50 | $ 29.25 | $ 848.25 | $ 848.25 |
| 12/25/22 | 63 | 23 | $780.00 | $ 19.50 | $ 29.25 | $ 672.75 | $ 672.75 |
| 1/1/23 | 63 | 23 | $780.00 | $ 19.50 | $ 29.25 | $ 672.75 | $ 672.75 |
| 1/8/23 | 63 | 23 | $780.00 | $ 19.50 | $ 29.25 | $ 672.75 | $ 672.75 |
| 1/15/23 | 63 | 23 | $780.00 | $ 19.50 | $ 29.25 | $ 672.75 | $ 672.75 |
| 1/22/23 | 51 | 11 | $800.00 | $ 20.00 | $ 30.00 | $ 330.00 | $ 330.00 |
| 1/29/23 | 51 | 11 | $800.00 | $ 20.00 | $ 30.00 | $ 330.00 | $ 330.00 |
| 2/5/23 | 51 | 11 | $800.00 | $ 20.00 | $ 30.00 | $ 330.00 | $ 330.00 |
| 2/12/23 | 51 | 11 | $800.00 | $ 20.00 | $ 30.00 | $ 330.00 | $ 330.00 |
| 2/19/23 | 51 | 11 | $800.00 | $ 20.00 | $ 30.00 | $ 330.00 | $ 330.00 |
| 2/26/23 | 51 | 11 | $800.00 | $ 20.00 | $ 30.00 | $ 330.00 | $ 330.00 |
| 3/5/23 | 51 | 11 | $800.00 | $ 20.00 | $ 30.00 | $ 330.00 | $ 330.00 |
| 3/12/23 | 51 | 11 | $800.00 | $ 20.00 | $ 30.00 | $ 330.00 | $ 330.00 |
| 3/19/23 | 51 | 11 | $800.00 | $ 20.00 | $ 30.00 | $ 330.00 | $ 330.00 |
| 3/26/23 | 51 | 11 | $800.00 | $ 20.00 | $ 30.00 | $ 330.00 | $ 330.00 |
| 4/2/23 | 51 | 11 | $800.00 | $ 20.00 | $ 30.00 | $ 330.00 | $ 330.00 |
| 4/9/23 | 51 | 11 | $800.00 | $ 20.00 | $ 30.00 | $ 330.00 | $ 330.00 |
| 4/16/23 | 51 | 11 | $800.00 | $ 20.00 | $ 30.00 | $ 330.00 | $ 330.00 |
| 4/23/23 | 51 | 11 | $800.00 | $ 20.00 | $ 30.00 | $ 330.00 | $ 330.00 |
| 4/30/23 | 51 | 11 | $800.00 | $ 20.00 | $ 30.00 | $ 330.00 | $ 330.00 |
| 5/7/23 | 51 | 11 | $800.00 | $ 20.00 | $ 30.00 | $ 330.00 | $ 330.00 |
| 5/14/23 | 51 | 11 | $800.00 | $ 20.00 | $ 30.00 | $ 330.00 | $ 330.00 |
| 5/21/23 | 51 | 11 | $800.00 | $ 20.00 | $ 30.00 | $ 330.00 | $ 330.00 |
| 5/28/23 | 51 | 11 | $800.00 | $ 20.00 | $ 30.00 | $ 330.00 | $ 330.00 |
| 6/4/23 | 51 | 11 | $800.00 | $ 20.00 | $ 30.00 | $ 330.00 | $ 330.00 |
| 6/11/23 | 51 | 11 | $800.00 | $ 20.00 | $ 30.00 | $ 330.00 | $ 330.00 |
| 6/18/23 | 51 | 11 | $800.00 | $ 20.00 | $ 30.00 | $ 330.00 | $ 330.00 |
| 6/25/23 | 51 | 11 | $800.00 | $ 20.00 | $ 30.00 | $ 330.00 | $ 330.00 |

| | | | TOTAL: | | $ 21,308.25 | $21,308.25 |
|---|---|---|---|---|---|---|

| NYLL PREJUDGMENT INTEREST | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| START DATE | END DATE | DAYS | DAY / 2 | MIDPOINT | DAYS BETWEEN MIDPOINT AND 9/1/23 | WAGES DUE | DAILY INTEREST | TOTAL INTEREST |
| 9/16/22 | 7/2/23 | 290 | 145 | 2/8/23 | 206 | $ 21,308.25 | $ 5.25 | $ 1,082.34 |

**Employment Details**

Company: Dong Yue Seafood Restaurant
136-14 38th Ave, Queens, NY 11354

Job title: dishwasher, busboy helper, kitchen helper

Employment Period
9/16/2022 - 7/2/2023

Schedule:
- First 3 months of employment: 11 a.m. to 11 p.m., with a 30-minute lunch break, 6 days a week.
- Next 1 month: 3 p.m. to 2 a.m., with a 30-minute lunch break, 6 days a week.

- Subsequent schedule change: 5 p.m. to 2 a.m., with a 30-minute lunch break, 6 days a week.

Pay:
Weekly payment in cash.
- For the initial 4 months: $780 per week.
- When the schedule changed to 5 p.m. to 2 a.m., Villegas weekly salary was increased to $800. rHe was not willing to work during those hours due to safety concerns in the area so the owner offered him a raise. In fact, no one wanted to work that schedule.

Notes:
He didn't have to clock in or clock out

# EXHIBIT C

Case 1:23-cv-06199-SJB    Document 23    Filed 03/22/24    Page 21 of 26 PageID #: 106

The Law Offices of Jacob Aronauer Mail - Activity in Case 1:23-cv-06199 Villegas v. Full Kee Seafood Restaurant, Inc. et al Complaint    3/20/24, 12:52 PM

 Gmail

Jacob Aronauer <jaronauer@aronauerlaw.com>

## Activity in Case 1:23-cv-06199 Villegas v. Full Kee Seafood Restaurant, Inc. et al Complaint

5 messages

**ecf_bounces@nyed.uscourts.gov** <ecf_bounces@nyed.uscourts.gov>
To: nobody@nyed.uscourts.gov

Thu, Aug 17, 2023 at 5:00 PM

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Eastern District of New York

### Notice of Electronic Filing

The following transaction was entered by Aronauer, Jacob on 8/17/2023 at 5:00 PM EDT and filed on 8/17/2023
**Case Name:**         Villegas v. Full Kee Seafood Restaurant, Inc. et al
**Case Number:**     1:23-cv-06199
**Filer:**                   Jesus Villegas
**Document Number:** 3
**Judge(s) Assigned:** The Court will contact you shortly on the Judge Assignment.

**Docket Text:**
**COMPLAINT against Foo Kee Seafood Restaurant, Inc., Full House Seafood Restaurant, Inc., Full Kee Seafood Restaurant, Inc., Ngoc Tuyen, Kuen Sau Wong filing fee $ 402, receipt number ANYEDC-17002871 Was the Disclosure Statement on Civil Cover Sheet completed -no,, filed by Jesus Villegas. (Aronauer, Jacob)**

**1:23-cv-06199 Notice has been electronically mailed to:**

Jacob Aronauer &nbsp &nbsp jaronauer@aronauerlaw.com, paralegal@aronauerlaw.com

**1:23-cv-06199 Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=8/17/2023] [FileNumber=18164840-0]
[8c4df9268ed1440731d4a80a089771cc1590c364753c4813bc65612739eeb2f3965a



**JDB**

**Mediation LLC**

Prospect Hill Lane
Montauk, New York 11954

Tele: (646) 236-2976
Email: JDiBened@JDBMediation.com

Date:  2/15/2024

**JDB Mediation Invoice:**

For Mediation Services Rendered in the *Villegas v. Full Kee Seaford Restaurant, Inc. et al.*
Litigation.

|  |  | <u>**Total**</u> |
|---|---|---|
| | 4 Hrs. | $600.00 |
| | 1 Hr. (@ $250 per hr.) | 250.00 |
| **Total Amount Due:** | | <u>**$850.00**</u> |
| Split equally among two parties: | | $425.00 |

**Remit to:**

Joseph DiBenedetto
5 Prospect Hill Lane
Montauk, NY  11954

This invoice is payable within 30 days from the date it was rendered, after which the unpaid balance will
bear interest at 9% per annum.  Payment may be made by check to the payee to the address above, or by
Venmo (@JDBMediation), Zelle (jdibened@jdbmediation.com), or ACH/wire transfer to Citibank,
routing number 021000089, checking account 13191221, account name Joseph DiBenedetto.

# EXHIBIT D

| Date | User | Matter Number | Work Type | Description | Actual | Rate | Total |
|---|---|---|---|---|---|---|---|
| 2/15/2024 | Yale Pollack | 2023-00298-Villegas v. Full Kee Seafood et al | Appear | Review damages chart and Complaint; appear for mediation with J. DiBenedetto | 5.8 | 425 | $0.00 |
| 2/14/2024 | Yale Pollack | 2023-00298-Villegas v. Full Kee Seafood et al | Review | Review the pleadings, damages charts and notes in preparation for mediation on 2.14.24 | 1.4 | 425 | $0.00 |
| 2/12/2024 | Yale Pollack | 2023-00298-Villegas v. Full Kee Seafood et al | Review | Review file in preparation for mediation on 2.15.24, including pleadings, damages charts and notes; correspondence with the mediator to provide the Complaint and damages analysis demonstrating the facts and liability that can be imposed on defendants if the client were to prevail; correspondence with defendants' counsel re: damages analysis to relay the initial demand set forth therein | 0.7 | 425 | $0.00 |
| 12/14/2023 | Yale Pollack | 2023-00298-Villegas v. Full Kee Seafood et al | Draft | Review Court Order; draft Rule 26(f) conference order pursuant to the Court's initial scheduling order; correspondence with defendants' counsel re: the Rule 26(f) report for review and comment | 0.8 | 425 | $0.00 |
| 12/2/2023 | Yale Pollack | 2023-00298-Villegas v. Full Kee Seafood et al | Review | Review Answer with Affirmative Defenses and mark Complaint accordingly; review Corporate Disclosure Statement | 1.2 | 425 | $0.00 |
| 11/1/2023 | Yale Pollack | 2023-00298-Villegas v. Full Kee Seafood et al | Telephone | Tel conf with defendants' counsel re: amended complaint and stipulation of discontinuance against the prior defendants; finalize and file Amended Complaint and then Notice of Voluntary Dismissal against prior defendants | 0.5 | 425 | $0.00 |
| 10/17/2023 | Yale Pollack | 2023-00298-Villegas v. Full Kee Seafood et al | Correspon | Correspondence with the defendants' attorney re: correct defendants to be named in the action; revise stipulation of dismissal to include only the defendants named int he original complaint and revise accordingly as requested by defendants' counsel; tel conf with co-counsel re: proceeding with the amended Complaint and filing of the stipulation of dismissal; draft Amended Complaint to include the correctly named defendants | 1.5 | 425 | $0.00 |
| 9/29/2023 | Yale Pollack | 2023-00298-Villegas v. Full Kee Seafood et al | Draft | Tel conf with co-counsel re: amending the complaint; draft stipulation of voluntary dismissal against the defendants; correspondence with defendants' counsel re: the stipulation and requesting the names of the correct defendants so the Complaint can be amended and the current defendants removed from the lawsuit | 0.8 | 425 | $0.00 |
| 9/20/2023 | Yale Pollack | 2023-00298-Villegas v. Full Kee Seafood et al | Review | Review Court's Scheduling Order and individual rules of the Judges | 0.5 | 425 | $0.00 |
| 8/28/2023 | Yale Pollack | 2023-00298-Villegas v. Full Kee Seafood et al | Draft | Draft and file Notice of Appearance on case | 0.3 | 425 | $0.00 |
| TOTAL | | | | | 13.5 | | $0.00 |

# Law Offices of Jacob Aronauer

**INVOICE**

225 Broadway, 3rd Floor
New York, New York 10007
Phone: (212) 323-6980

Invoice # 272
Date: 03/20/2024
Due On: 04/19/2024

Jesus Villegas
37-22 108th St. Apt 1
Queens, NY 11368

## 00511-Villegas

## Villegas v Dong Yue Seafood Restaurant

| Type | Date | Notes | Quantity | Rate | Total |
|------|------|-------|----------|------|-------|
| Service | 07/24/2023 | Paralegal Fees - Maria: Intake | 0.20 | $175.00 | $35.00 |
| Service | 07/24/2023 | Paralegal Fees - Maria: Research in defendant | 0.24 | $175.00 | $42.00 |
| Service | 08/01/2023 | Paralegal Fees - Nicolas: Drafted Demand Letter, Complaint, and Damages | 2.75 | $175.00 | $481.25 |
| Service | 08/16/2023 | Attorney Fees - Jacob: Review complaint and spreadsheet in re damage calculations. | 0.35 | $445.00 | $155.75 |
| Service | 08/24/2023 | Paralegal Fees - Maria: Summons and complaint were sent to ABC and Albany to serve the defendants | 0.10 | $175.00 | $17.50 |
| Service | 09/19/2023 | Paralegal Fees - Corey: review damages spreadsheets | 0.75 | $200.00 | $150.00 |
| Service | 11/01/2023 | Attorney Fees - Jacob: Review amended complaint. | 0.20 | $445.00 | $89.00 |
| Service | 12/15/2023 | Attorney Fees - Jacob: Review case management plan. | 0.10 | $445.00 | $44.50 |
| Service | 01/03/2024 | Paralegal Fees - Alicia: Call with the client - He is available on 02/15/24 for the mediation. | 0.14 | $175.00 | $24.50 |
| Service | 02/15/2024 | Paralegal Fees - Maria: Attended mediation | 4.00 | $175.00 | $700.00 |
| Service | 02/27/2024 | Attorney Fees - Jacob: Edits to settlement agreement. | 0.26 | $445.00 | $115.70 |
| Service | 03/13/2024 | Paralegal Fees - Maria: Translated the settlement Agreement | 0.50 | $175.00 | $87.50 |

**Total    $1,942.70**

## Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 272 | 04/19/2024 | $1,942.70 | $0.00 | $1,942.70 |
| | | | Outstanding Balance | $1,942.70 |
| | | | Total Amount Outstanding | $1,942.70 |

Please make all amounts payable to: Law Offices of Jacob Aronauer

Please pay within 30 days.